IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD D. RICHWINE,

        Petitioner,

v.                                                               No. CIV 11-0534 JH/WPL

ANTHONY ROMERO, Warden,

        Respondent.

MEMORANDUM OPINION AND ORDER FOR TRANSFER

        This matter is before the Court on Petitioner's Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 4) and, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases, on his Petition For Writ Of Habeas Corpus By A Person In State Custody. Petitioner asserts that he was wrongly sentenced for the offense underlying his conviction. He is already prosecuting a habeas petition under 28 U.S.C. § 2254 in *Richwine v. Romero*, No. CV 09-0870 JB/GBW, attacking the same state court conviction that is the subject of this proceeding.

        Under the rules governing second or successive habeas corpus petitions, Petitioner may not proceed on his petition in this Court. The provisions of 28 U.S.C. § 2244(b) prohibit a habeas petitioner from prosecuting a second or successive petition without prior authorization from the appropriate court of appeals. Interpreting § 2244(b) recently in a very similar procedural posture, the Court of Appeals for the Tenth Circuit stated,

> "Ochoa argues as a threshold matter that authorization under § 2244(b) is unnecessary so long as his first habeas action has not been finally adjudicated on appeal. . . .
> . . . .
> . . . The point is that § 2244(b) authorization is required whenever *substantively* new claims are raised; procedural associations with prior habeas matters must not obscure the fact that the petitioner is really pursuing a second or successive petition. . . .

> Indeed, § 2244(b) may not be circumvented by injecting new claims into a habeas action even while it is still pending in the district court. In *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000), we held that the district court correctly "treat[ed][a] supplemental [§ 2255] motion as a successive petition instead of as an amendment which related back to his timely [original] motion," where it "was not clarifying, but instead sought to assert claims totally separate and distinct . . . from those raised in [the] original motion."

*Ochoa v. Sirmons*, 485 F.3d 538, 540-41 & n.3 (10th Cir. 2007) (emphasis and alterations in original) (citations omitted). Under *Ochoa*, Petitioner's petition is second or successive for purposes of § 2244(b)(3).

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In *Cline*, the court noted several factors that should be considered in determining whether to transfer or dismiss an application. *See id*. (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). Here, because the Court of Appeals for the Tenth Circuit recently ordered that Petitioner's earlier petition be reinstated on this Court's docket, it appears to be in the interest of justice to transfer the current petition for consideration of authorizing this proceeding.

IT IS THEREFORE ORDERED that Petitioner's Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 4) is GRANTED;

IT IS FURTHER ORDERED that the Clerk is directed to transfer this proceeding to the Court of Appeals for the Tenth Circuit.

_____
UNITED STATES DISTRICT JUDGE